# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 17-cv-00773-RM-KLM

JAMES MICHAEL BERTOLO,

    Plaintiff,

v.

MIKE ROMERO,
GARY WARD,
LAURA SHAIN,
LAURA BORREGO-GIBBS,
KRISTY STANSELL,
CAROL TRUJILLO,
TRISHA KAUTZ PA,
KELSEY DILLINGER, and
JOHN DOE,

    Defendants.

---

## ORDER

---

This matter is before the Court on the following motions filed by Plaintiff: (1) "Motion Court Er[r]on[e]ously A[d]monished Plaintiff Dismissing Claims with Prejudice" (the "Motion for Reconsideration") (ECF No. 96); and (2) "Motion for Enlargement of Time to File Notice" (the "Motion for EOT") (ECF No. 99). Upon consideration of the motions, the court record, and the applicable rules and case law, and being otherwise fully advised, the Court finds and orders as follows.

Starting with the Motion for Reconsideration, here Plaintiff asks the Court to reconsider (a) the July 18, 2018, Order to dismiss in part and draw in part issued by Senior Judge Lewis T.

Babcock, and (b) this Court's July 25, 2018 Order denying Plaintiff's request for an extension of time. (ECF No. 96, page 1.) "The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). Nonetheless, "the court retains the power to alter rulings until final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). "'Grounds warranting a…motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000)). Here, Plaintiff claims the court erred or was harsh in its prior orders but fails to show any of the grounds warranting relief are present.[1] Accordingly, this motion is denied.

Plaintiff's Motion for EOT fares no better. Here, Plaintiff seeks a 30-day enlargement of time to file a notice of appeal as to the July 18 and 25, 2018 orders. Such motion, however, is premature as no final judgment has entered in this case.[2] Thus, this motion is also denied, but without prejudice.

Accordingly, it is **ORDERED**

(1) That Plaintiff's "Motion Court Er[r]on[e]ously A[d]monished Plaintiff Dismissing Claims with Prejudice" (ECF No. 96) is DENIED; and

---

[1] The Court is mindful that Plaintiff appears *pro se.*
[2] Further, Plaintiff indicates this motion may be moot depending on the resolution of two other pending motions.

2

(2) That Plaintiff's "Motion for Enlargement of Time to File Notice" (ECF No. 99) is

    DENIED WITHOUT PREJUDICE.

DATED this 27th day of August, 2018.

                                      BY THE COURT:

                                      _____
                                      RAYMOND P. MOORE
                                      United States District Judge