## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.      **17cv 773 RM-KLM**

James M. Bertolo, Plaintiff

v.

Laura Shain et al, Defendant(s).

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 22 2019**

JEFFREY P. COLWELL
CLERK

---

### MOTION IN SUPPORT OF EXHIBIT EVIDENCE PURSUANT TO RULE 12/56

---

**Plaintiff filed** his reply brief as ordered on the 15th, however plaintiffs receipt of the court's order for

permission to exceed the page limitation[Doc    ], also gave inference that plaintiffs preparation appeared to be

pertaining to motions for summary judgment, plaintiff apologizes as he is unfamiliar with the correct process as

reason in the record so indicate.

This however changed plaintiff preparation style and plaintiff requests the court with plaintiffs good faith

efforts allow the following motion and exhibit evidence in opposition of any dismissal for the courts review and

allow it as being mailed 2 days later even though filed untimely.

Plaintiff indicated a hand written attempt to advise the court that he needed 7 days more in the previous exhibit

**1,    giving the court notice  .** As a courtesy Plaintiff further apprises this court that he just received

defendants Chris Lobanov-Rostovsky's answer and it is not included as within the reply or exhibits and plaintiff

will reply after review of the answer.    Claims 50 and 52 are as replied to in plaintiff's reply document

Dated this 15th day of May 2019                    James M. Bertolo

### CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2019 a true and correct copy of this **MOTION IN SUPPORT OF EXHIBIT
EVIDENCE PURSUANT TO RULE 12/56** was placed in the United States mail, properly addressed, postage
prepaid, to each of the following parties on this date: 5/15/2019
**Office of the Attorney General**
**1300 Broadway, 10th Floor**
**Denver, Colorado 80203**

**James M. Bertolo**

1

**EXHIBIT 1 A   Case # 17CV-773-RM-KLM**

**JUDGE RAYMOND P. MOORE SEPARATE STATEMENT OF PLAINTIFF'S UNDISPUTED FACTS**

Claim 3

| Arranged by 137 Doc Line # and dispute info: claim 3 | | |
|---|---|---|
| Claim 3 at 3 defendant Trujillo enhanced  plaintiffs sentence by classification process using plaintiffs consecutive sentence without any crime of violence finding | undisputed | |
| Defendants Raemisch and 5 Trujillo fail to create a policy to protect plaintiffs 5 enhanced punishment in violation of plaintiff plea bargain | undisputed | |
| 7 Plaintiff suffers double jeopardy | undisputed | |
| 3 Plaintiffs sentence to DOC C.R.S. 18-6-403(B) limits the defined crime by the paragraph and plea agreement. | undisputed | |
| Plaintiffs Completed SOMB criteria was taken away again on 5-7-2018 resulting in another reclassification | undisputed | |
| 12 Plaintiff is treated A typical compared to other inmates who have completed other DOC programming | Disputed | Plaintiff was deprived completion certificate like other inmates completing the same program, and plaintiff was treated different as a S/O where persons who are not s/o's are not deprived their completed programming pursuant to AR 550-12 as it applied in 2015-16 |
| 14-15On 5-7 Plaintiff final CTCF reclassification was done in a prejudicial way depriving plaintiff an actual Administrative head review | | |

Claim 7

| | | |
|---|---|---|
| Claim 7 at 17 Plaintiff completed the SOMB criteria | undisputed | |
| 17 The SOTMP is subject to the SOMB standards | undisputed | |
| 18 Plaintiff Is discriminated A typical as A S/O compared to A non S/O | undisputed | |
| 19 Plaintiff completed the CDOC SOTMP programming to earn a State Liberty interest of the SOMB criteria. | undisputed | |
| 19-21 SOTMP Contract(s) lack specific curriculums, definitions, terminology and other requirements of the SOMB standards. | undisputed | |
| 20 The SOTMP is operating in conflict to the SOMB standards. | undisputed | |
| 21 Defendant Borrego-Gibbs and Shain sanctioned plaintiff taking a vested liberty interest in completing the treatment contract terms and required SOMB criteria. | undisputed | |
| 22 Plaintiff disputes treatment contracts expressing written terms support his position. | Disputed in part | However plaintiffs evidence supports Documented written evidence for discovery specifically identifying These allegations. |
| 23 Newest revised SOTMP treatment contract | undisputed | |
| 24 Plaintiff was subjected to probation contract(s) and multiple repeat treatment contracts and plans for filing of grievances and reporting the failure of the SOTMP to conform to the "required "missing SOMB contract terms. | Undisputed and disputed in part | A genuine dispute exists where probation without due process results in a non-voluntary contract requirement |

3

| | | |
|---|---|---|
| 24 Plaintiff was subjected to probation contract(s) and multiple repeat treatment contract(s), Treatment Plan(s) for filing of grievances and reporting failure of the SOTMP To conform to the "required" missing SOMB contract terms | undisputed | |
| 24 Plaintiff sought attorney intervention and courts for a judicial determination. | undisputed | |
| 25 Plaintiff suffered retaliatory actions from Borrego-Gibbs and SOTMP agents, who authorized placement of plaintiff to probation contract(s) and the taking of his completed SOMB criteria and the Changing of his program status code to 5D without any Due Process, depriving progress, completion, aftercare access or parole recommendations-community placements | undisputed | |
| 25 Plaintiff suffered 1, 8,14th amendment violations "with" a breach of SOTMP contract(s) terms | Undisputed | |
| 26 Borrego –Gibbs used her discretionary authority to regress plaintiff to repeat programming using a 3rd probation contract 3/26/18 without any substantial due process and the taking of a liberty interest in his SOMB criteria. | undisputed | |
| 26 Stansell subjected plaintiff to repeat therapy by probation without due process in violation of SOMB standards | undisputed | |
| 27 SOTMP contract(s) violate SOMB standards forever entrapping plaintiff | undisputed | |

4

| | | |
|---|---|---|
| 28 Borrego-Gibbs targeted plaintiff for filing grievances and Expressing grievance mined thinking/behavior. | undisputed | |
| 29 Plaintiff attempts to seek any justice through grievance resulted in a requirement for a new treatment plan for use of legal jargon and grievance minded thinking. | undisputed | |
| 29Refusal to sign new treatment plan resulted in probation without due process. | undisputed | |

Claim11

| | | |
|---|---|---|
| 31 Plaintiff endured hardship by Borrego Gibbs with an overall effect that is unconstitutional suffering harsh Psychological mental abuse and mind intrusion while deprived of free expression of thought and any need to seek new relationships by her power and control | undisputed | |
| 32 during probation stansell and SOTMP therapists attacked plaintiff feelings about homosexuality is wrong and gave plaintiff assignments to change his thinking in violation of the 1 amendment | undisputed | |
| 33 The SOTMP developed verbal reports to influence plaintiff's reclassification. | undisputed | |
| 40 Plaintiff received a non-program compliance code 5D awaiting a judicial determination where Leonard Wood son apprised by personal meeting failed to change the code in conflict of their own AR 700-19 | undisputed | |

| | | |
|---|---|---|
| 44 Warden Romero was apprised of the retaliatory Actions. During probation at class Stansell and SOTMP therapists | undisputed | |
| The SOTMP team Kristy Stansell used her know people threat to influence reclassification for Plaintiff being non- program compliant and ship him to sterling | undisputed | |
| Stansells actions resulted in plaintiff losses in violation of his 1, 8, 14 amendment rights for exercising his free speech and use of the grievance process. | undisputed | |
| | | |

Claim31

| | | |
|---|---|---|
| 67 Completion of SOTMP terms phase I and II SOMB Criteria and treatment contract terms | undisputed | |
| 69 Laura Shain operated in breach of contract terms | undisputed | |
| 70 Plaintiff was volunteering as a per mentor for the SOTMP program where he suffered undue harms | undisputed | |
| 71Plaintiff was manipulated to disclose his testimonial to SOTMP specifications including unproven facts | undisputed | |
| 73 Shain required plaintiff to disclose parole hearing details from his July 2016 hearing in CTCF class | undisputed | |
| 74 Shain breached confidentiality terms , for which plaintiff completed | undisputed | |

| 76 Stansell demanded plaintiff comply with her requests or face probation for breach of contract terms already completed. | undisputed | |
|---|---|---|

## Claim 32

| 78 Shain and Borrego-Gibbs each individually breached contract terms | undisputed | |
|---|---|---|
| 80 Probation contract required plaintiff to enter a new contract in consistent with the SOMB required State standards | undisputed | |

## Claim 33

| 82-83 and 86 Borrego-Gibbs and woodson required plaintiff to sign new contract under duress | undisputed | |
|---|---|---|

## Claim34

| 87 Borrego Gibbs beached contract terms singling plaintiff out of class | undisputed | |
|---|---|---|
| 89 Borrego –Gibbs breached their own confidentiality agreement | undisputed | |

Claims 35 and 36 are not yet included as no response from defendant Chris Lobonov-Rostosky has been received and plaintiff will reserve the right to respond after such answer is received.

## EXHIBIT 2

### JUDGE RAYMOND P. MOORE SEPARATE STATEMENT OF UNDISPUTED FACTS

| Claim 41, at 110 Defendants do not deny they require plaintiff to enter a written contract to receive kosher Diet trays. | undisputed | |
|---|---|---|
| 115 Defendants punish inmates who enter the contract for not following every rule. | Disputed in part | Defendants is substantially burdened when he is punished by taking his religious diet for simply participating in other programs |

|  |  | where DOC agents via the warden, Nygaard is policing plaintiff's diet. |
|---|---|---|
| 111 Defendants punish persons under contract for religious diets if they participate in other programs, activities, | undisputed |  |
| 112 Defendants operate religious programs which sell non-kosher foods on state property. | undisputed |  |
| 112 Defendants operate with federal funds and are subject to Title II, III of the 504 rehabilitation act or ADA Act and prohibiting unequal treatment. | undisputed |  |
| 113 Defendant Nygaard treats Jews Plaintiff A typical by policing and reporting participation in chaplain programs | disputed | Plaintiff is punished if he practices his religious diet, only when he participates in other provided and activities or limited programs, this is a typical treatment for Jews are simply punished for participating in both religious activities and other no religious programs. |
| 113 and 116 Defendant's exceed restraint of any compelling security interest. | undisputed | Defendant Nygaard reports participation in other religious or program activities, where she maintains a list of kosher diet participants. |
| 120 The defendants have encompassed the religious diet contract, to be used to police and or penalize those entering the contract for participation in other programs. | Disputed in part | The purpose of the contract, was to assure those partaking in the religious diet tray, will not give away food, share or abuse the rules. The contract restraint violates freedoms to participate in all programing equally. |
| 121 Plaintiff has a rights to attend all programs without fear of punishment for participation in programs for simply receiving his kosher diet meal. | undisputed |  |
| 121 Plaintiff doesn't have to follow every rule of his religion as everyone else. | undisputed |  |

James M. Bertolo 142464

8

DISTRICT COURT
ARAPAHOE COUNTY, COLORADO
Court Address: Arapahoe County Justice Center
7325 S. Potomac St.  Centennial, CO 80112

**PEOPLE OF THE STATE OF COLORADO,**

vs.

*James Bertolo*

,
Defendant.

▲   **COURT USE ONLY**   ▲

**Attorney:**
CAROL CHAMBERS, 18th Judicial District Attorney
7305 S Potomac St., Suite 300, Centennial, CO 80112
Phone Number: 720.874.8500
Atty. Reg. #: 14948

**Case Number: CR** *05VR567*

**Div./Ctrm:** *207*

**SEX OFFENDER ADDENDUM TO PLEA OF GUILTY**

*I understand that, pursuant to CRS 16-11.7-101, upon a plea of guilty to or the receipt of a deferred judgment and sentence for any charges brought pursuant to Sections 18-3-305, 18-3-402, 18-3-403, 18-3-404, 18-3-405, 18-3-405.3, 18-3-405.5, 18-6-301, 18-6-302, 18-6-402, 18-6-403, 18-6-404, 18-7-302, 18-7-402, 18-7-403, 18-7-403.5, 18-7-404, 18-7-405, 18-7-405.5, 18-7-406, C.R.S. OR any criminal attempt, conspiracy or solicitation to commit any of the foregoing sex offenses OR upon a plea of guilty to or the receipt of a deferred judgment and sentence for ANY criminal charge AND I have previously been convicted of any of the foregoing sexual offenses, I am agreeing to and will be required to:

(a)  undergo a mental health sex offense specific evaluation which conforms with the standards developed by the Colorado Sex Offender Management Board;

(b)  submit to a structured clinical and sexual history interview and offense specific psychological testing as part of the mental health sex offense specific evaluation;

(c)  submit to physiological testing or some other means of measuring deception and/or deviant sexual arousal as part of the mental health sex offense specific evaluation;

(d)  pay for the expense of the evaluation based upon my ability to pay for such evaluation.

*EXHIBIT*
*XXX*