IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 17-cv-00773-RM-KLM

JAMES MICHAEL BERTOLO,

    Plaintiff,

v.

RICK RAEMISCH,
RANDY LIND,
MIKE ROMERO,
LAURA SHAIN,
LAURA BORREGO-GIBBS,
KRISTY STANSELL,
LEONARD WOODSON,
CAROL TRUJILLO,
SARA SWINGLE,
MATHEW HANSON,
CHRIS LOBANOV-ROSTOVSKY,
CHARLES TAPPE, and
RAE TIMMIE,

    Defendants.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix (ECF No. 224) to deny Plaintiff James M. Bertolo ("Plaintiff") and Prospective Plaintiffs Russell Foreman, Melvin Fischer, and Dennis Dunnan's ("Prospective Plaintiffs") "Motion for Leave with Permissive Joinder of Plaintiffs Pursuant to F.R.C.P. Rule 12" ("Joinder Motion") (ECF No. 219), in which they moved to join Prospective Plaintiffs to Claim 52 (ECF No. 219). Plaintiff filed an Objection (ECF No. 225).[1] Defendants did not

---

[1] The Joinder Motion was signed by Plaintiff and Prospective Plaintiffs whereas the Objection was signed by Plaintiff only.

respond to Plaintiff's Objection and the time to do so provided by Fed. R. Civ. P. 72(b)(2) has passed. For the reasons below, the Court overrules Plaintiff's Objection, accepts the Magistrate Judge's Recommendation in its entirety, and denies the Joinder Motion.

I. **BACKGROUND**

In adopting the Magistrate Judge's Recommendation, the Court adopts and incorporates the Magistrate Judge's background section, to which no party objects, and reiterates the main points here. Plaintiff and Prospective Plaintiffs are currently incarcerated at the Sterling Correctional Facility and proceed *pro se* in this matter. (ECF No. 216, at 6–8.) Prospective Plaintiffs, through their Joinder Motion, seek to join in Claim 52 – the claim containing allegations that Defendants "engaged in discrimination by 'failing or refusing to provide compliant accommodations and medical restrictions' for Plaintiff and Prospective Plaintiffs' 'mobility impairments' pursuant to the Americans with Disabilities Act (the "ADA") and the '504 Rehabilitation Act' (the "Rehabilitation Act")." (ECF No. 224 (quoting ECF No. 56).)

This is not the first time Plaintiff has attempted to join additional plaintiffs to this lawsuit; he has tried on three separate occasions. *See Order Denying Permissive Joinder, Dismissing Plaintiffs Other than James Michael Bertolo, and Directing Bertolo to Cure Deficiencies* (ECF No. 21, at 3–5); *Order* (ECF No. 190, at 6); *Order* (ECF No. 210, at 1–2). On each previous occasion, however, Plaintiff failed to provide *specific* factual allegations that showed why a Rule 20 joinder was proper and adequately address issues related to multi-plaintiff prisoner litigation. *See Recommendation* (ECF No. 224, at 3). *See also Order* (ECF No. 190, at 6); *Order* (ECF No. 210, at 2).

Plaintiff's proposed "5th Amended Complaint With Claim 52 With Jury Demand Pursuant To F.R.C.P. Rule 12/56" (ECF No. 219) ("Proposed Fifth Amended Complaint") –

attached to the Joinder Motion – contains "ten different claims against eighteen different defendants, some of whom were not named in any previous complaint," and sought to join the Prospective Plaintiffs to Claim 52 only. *Joinder Motion* (ECF No. 219, at 8–12); *see also* (ECF Nos. 1, 61, 76, 137). Defendants responded arguing Plaintiff failed to cure any of the deficiencies identified in Plaintiff's previous attempts to join additional plaintiffs. *Response to Motion for Leave with Permissive Joinder of Plaintiffs* ("Response") (ECF No. 222). Plaintiff and Prospective Plaintiffs replied arguing the Joinder Motion should not be denied on purely procedural grounds. (ECF No. 223.)

The Magistrate Judge recommended denying the Joinder Motion on two grounds. First, because there remain deficiencies in specific factual allegations, including those related to the conditions to which Plaintiff and Prospective Plaintiffs are subject, that relate to all plaintiffs. (ECF No 224, at 5–8.) The Magistrate Judge also recommended denying the Joinder Motion because the court still had concerns related to the practicalities of multi-plaintiff prison litigation. (ECF No. 224, at 9–12.)

Plaintiff objects to the Magistrate Judge's Recommendation, generally arguing that even if the Court denied the Joinder Motion it should not deny his attempt to amend his Fourth Amended Complaint. *Objection* (ECF No. 225).

To clear up any confusion, the primary issue addressed in the Joinder Motion is the proposed amendment to add Prospective Plaintiffs to Claim 52. For example, the opening line of the Joinder Motion provides that Plaintiff and Prospective Plaintiffs "motion for leave as directed by [the Magistrate Judge] to amend plaintiff(s) complaint *with a permissive joinder to claim 52 for which they each individually seek joint relief pursuant to F.R.C.P. 20.*" (ECF No. 219, at 1 (emphasis added).) In other words, it becomes clear that the amendment was sought with one

goal in mind – Rule 20 joinder of Prospective Plaintiffs to Claim 52. The focus of the Magistrate Judge's attention was therefore directed toward Claim 52 and the issues of joinder. As an afterthought, Plaintiff moved for leave to amend the complaint once more, regardless of whether joinder was granted, without more than this mere statement:

> "Plaintiff(s) insist regardless of the joinder to [P]laintiff Bertolo's 5th [A]mended [C]omplaint[,] [P]laintiff(s) believe it should be accepted at least for [P]laintiff Bertolo, as the [R]espondents have argued that many issues appear to be difficult to follow, justifying [P]laintiff['s] position to correct any spelling errors, and provide more definite statements of facts since the court directed [P]laintiff(s) to amend where considerable time and merit-able claims should be allowed to evolve through the litigation process which will no less prevent a manifest injustice."

(ECF No. 219, at 6.) In light of Plaintiff's cursory justification for leave to file another amended complaint, the Recommendation focuses solely on the issue of permissive joinder as it pertains to Claim 52 and Prospective Plaintiffs:

> "Here, the Court determines whether Plaintiff and Prospective Plaintiffs' Proposed Fifth Amended Complaint [(ECF No. 219)]: (1) provides specific factual allegations demonstrating that joinder should be permitted pursuant to Fed. R. Civ. P. 20(a)(1); and (2) adequately addresses previously-identified issued concerning multiple-plaintiff prisoner litigation. *The Court need only consider Claim 52 for purposes of this Recommendation, because it is the only claim in which Plaintiff seeks to join additional parties as [p]laintiffs to the case*."

(ECF No. 224, at 3 (emphasis added).)

## II. LEGAL STANDARDS

### A. Review of the Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the Magistrate Judge's Recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any

standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). And, where a claim is dismissed on two or more independent grounds, the plaintiff must contest each of those grounds. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). If the plaintiff fails to do so, the court may affirm on the ground which the plaintiff failed to challenge. *Id.*

Rule 20(a) provides for the permissive joinder of plaintiffs only if: "(A) they assert any right to jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

### B. Plaintiff's *Pro Se* Status

The Court is mindful that Plaintiff proceeds *pro se*; therefore, the Court reviews his filings liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Chrisco v. Scoleri*, No. 17-cv-00810-MEH, 2018 WL 4742540, at *1 (D. Colo. Oct. 2, 2018). However, it is also true that "a *pro se* litigant's conclusory allegation without supporting factual averments are insufficient to state a claim upon which relief can be based." *Jemaneh v. The Univ. of Wyo.*, 82 F. Supp. 3d 1281, 1292 (D. Colo. 2015), *aff'd*, 622 Fed. Appx. 765 (10th Cir. 2015). And the Court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may not construct arguments or theories for the plaintiff the absence of any discussion of those issues) (citations omitted). It follows that the Court should not act as an advocate for *pro se* litigants.

*Chrisco*, 2018 WL 4742540, *1 (citing *Hall*, 935 F.2d at 1110). Finally, *pro se* litigants must follow the same procedural rules that govern other litigants.[2] *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

III. **ANALYSIS**

    A. **Matters to which there are no Objections**

The Magistrate Judge recommended the following to which no objections have been filed. Those recommendations are as follows:

    (1) to deny the Joinder Motion for failing to provide specific transactions or occurrences with any specific Defendant(s), thereby failing to meet the requirements of Fed. R. Civ. P. 20(a)(1); and

    (2) to deny the Joinder Motion for failing to overcome the impracticalities of multi-plaintiff prisoner litigation.

The Court has considered the recommendations and, after finding no clear errors, ACCEPTS all of such recommendations. *See Summers*, 927 F.2d at 1167.

    B. **Matter to which an Objection has been made**

        1. **Leave to Amend**

While Plaintiff does not object to the grounds for denying the Joinder Motion identified above, he does object to something not in the Recommendation – the effective denial of his ability to amend the Fourth Amended Complaint.

    The title of the Joinder Motion implicates three different federal rules with their own

---

[2] Defendants argued before the Magistrate Judge that Plaintiff's Joinder Motion should be denied simply for violating D.C.COLO.L.CivR 15.1 in that Plaintiff failed to provide the court with a proposed amended complaint with appropriate formatting (i.e., strikethroughs and underlines). (ECF No. 222, at 4–5.) D.C.COLO.L.CivR 15.1(a) specifically exempts unrepresented prisoners. Defendants cited to *Jemaneh* in support; however, Mr. Jemaneh, while a *pro se* litigant, was not an inmate. *See Jemaneh*, 82 F. Supp. 3d at 1286.

standards – Rule 12 (defenses and objections), Rule 15 (amended and supplemental pleadings), and Rule 20 (joinder). *See Joinder Motion* (ECF No. 219, at 1). The substance of the Joinder Motion, however, addresses only Rule 20, the rule controlling joinder. Plaintiff's Objection retroactively characterizes the Joinder Motion as a wholesale motion to amend.

The Court is not bound by a pleading's title, but may consider the substance, including the relief sought in determining the type of motion presented. *See U.S. v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019). S*ee also U.S. v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (citing *Gonzalez v Crosby*, 545 U.S. 524, 531 (2005)). However, the Magistrate Judge construed the Joinder Motion as such, and this Court finds the Joinder Motion as a motion to join under Rule 20, not a motion to amend.

To the extent the Court entertains the Joinder Motion as a motion to amend the Fourth Amended Complaint, such motion is denied on the merits for the following reasons. First, the request was so cursory as to be waived. *See Valverde v. Xclusive Staffing, Inc.*, No. 16-cv-00671-RM-MJW, 2017 WL 3866769, at *4 (D. Colo. Sept. 5, 2017) (citing *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (cursory argument, without supporting analysis and case law, are waived)).

Second, Plaintiff fails to provide sufficient legal or factual bases for the requested amendment. The Joinder Motion provided vague assertions that an amendment is needed to "correct any spelling errors, and provide more definite statements of facts," which is insufficient. Furthermore, Plaintiff does not merely intend to correct spelling mistakes or clarify factual allegations – Plaintiff names additional defendants in the Proposed Fifth Amended Complaint, some of whom were not named in any previous complaint.

Two motions to dismiss are pending and the Court is awaiting the Magistrate Judge's

recommendations. (ECF Nos. 174 and 191.) The Objection contains arguments more appropriate for responses to either of the two Rule 12(b)(6) motions than to the Recommendation under review here. Plaintiff argues the Proposed Fifth Amended Complaint would survive a Rule 12(b)(6), therefore, the Court should allow Plaintiff to amend before Plaintiff's Fourth Amended Complaint is tested and ruled upon, effectively mooting the pending dismissal motions.[3] Whether Plaintiff's Fourth Amended Complaint is insufficient as a matter of has not yet been determined. This Court makes no finding with respect to the pending dismissal motions.

Third, Plaintiff has already amended the complaint four times and fails to show why he should be allowed to amend once again. While the Federal Rules of Civil Procedure permit and require a liberal amendment of pleadings, the rules do not grant parties an unlimited right to amend. *See Duncan v. Manager, Dept. of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993); *Boeger v. Fidelity Investments*, No. 10-cv-02477-WYD-KMT, 2011 WL 255148, at *1 (D. Colo. Jan. 26, 2011) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As stated above, Plaintiff proceeds *pro se*, but he must still comply with the Federal Rule of Civil Procedure. *See Nielson*, 17 F.3d at 1277.

## IV. CONCLUSION

Based on the foregoing, the Court

(1) OVERRULES Plaintiff's Objection (ECF No. 225);

(2) ACCEPTS the Magistrate Judge's Recommendation in its entirety (ECF No. 224); and

(3) DENIES the motion for permissive joinder (ECF No. 219).

---

[3] In arguing that he should be allowed to amend his Fourth Amended Complaint, given the deficiencies identified by Defendants in their motions to dismiss, Plaintiff effectively concedes the Fourth Amended Complaint is in fact deficient in some manner. However, this Court makes no determination regarding the effect of these arguments with respect to motions not before it.

DATED this 13th day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge