**a. Form 1. Notice of Appeal to a Court of Appeals from a Judgment or Order of a District Court**

---

**United States District Court for the District of Colorado
File Number 17-CV-0773-RM-KLM**

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**APR 20 2020**

JEFFREY P. COLWELL
CLERK

---

**James M. Bertolo, Plaintiff)**
)
**v.** ) **Notice of Appeal Notice of Appeal**
)
**C.D., Defendant** )

---

Notice is hereby given that James M. Bertolo, (plaintiffs) in the above named case,* hereby appeal to the United States Court of Appeals for the 10th Circuit (from the final judgment) (from an order (describing it) entered in this action on the _15_ day of _April_ , **2020.**

Colorado Attorney General(s) Philip Wieser
Attorney for Defendants
Address: 1300 Broadway 10th floor Denver Colorado 80203

***Note to inmate filers:*** *If you are an inmate confined in an institution and you seek the timing benefit of Fed. R. App. P. 4(c) (1), complete Form 7 (Declaration of Inmate Filing) and file that declaration along with this Notice of Appeal.*]

* See Rule 3(c) for permissible ways of identifying appellants.

Case Number 17-Cv-0773-RM-KLM

---

Name James M. Bertolo Prisoner No. 142464

Place of Confinement: Colorado Dept. of Corr. Sterling Correctional Facility

P.O. Box 6000 Sterling Colorado 80751

**CC: United States Court of Appeals for the Tenth Circuit, Office of the Clerk Byron White United States Courthouse 1823 Stout Street Denver, Colorado  80257**

**CC: United States District Court, Clerk of the Court, 901 19th street Denver Colorado 80294**

b. Form 7.                          Declaration of Inmate Filing

---

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO**

**File Number 17-CV-00773-RM-KLM**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**APR 20 2020**

JEFFREY P. COLWELL
CLERK

---

**James M. Bertolo, et al, Plaintiff**      )
                                             )
**v.**                                       )           Declaration
                                             )
**Raemisch et al, Defendants**               )

---

**Case No. 17-CV-773-RM-KLM**

I am an inmate confined in an institution. Today, insert date], I am depositing the "notice of appeal" in this case in the institutions internal mail system. First-class postage is being prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

_____Sign your name here
**James M. Bertolo**

**Signed on** _Aril_ , _15_ , **2020**

**Note to inmate filers:** *If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c) (1) or Fed. R. App. P. 25(a) (2) (C).]*



Colorado Department Of Corrections

Name: J. Bertolo

Register Number: 142464

Unit: 21 min

Box Number: 6000

City, State, Zip: Sterling colorado
80751

U.S. DISTRICT COURT
901 19th STREET
Denver, Colorado
80294

DENVER, COLORADO
17 APR '20
PM 4 L

U.S. POSTAGE ▷▷ PITNEY E
ZIP 80751   $ 000.5
02  1W
0001365920 APR '17

80294-250151

Restricted Inspection Mail Stamp

FACILITY    SCF
DATE REC'D    4/15/20
DOC EMPLOYEE LAST NAME    Martin    ID#    13136    INT    wm
OFFENDER LAST NAME    Bertolo    DOC#    142464    INT

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-cv-00773-RM-KLM

JAMES MICHAEL BERTOLO,

      Plaintiff,

v.

RICK RAEMISCH,
RANDY LIND,
MIKE ROMERO,
LAURA SHAIN,
LAURA BORREGO-GIBBS,
KRISTY STANSELL,
LEONARD WOODSON,
CAROL TRUJILLO,
SARA SWINGLE,
MATHEW HANSON,
CHRIS LOBANOV-ROSTOVSKY,
CHARLES TAPPE, and
RAE TIMMIE,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Amended Recommendation of United States Magistrate Judge Kristen L. Mix ("Recommendation") (ECF No. 228) to grant two motions to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), in which Defendants move to dismiss Plaintiff James Michael Bertolo's lawsuit in its entirety and with prejudice (collectively, the "Motions") (ECF Nos. 174; 191). On March 4, 2020, Plaintiff filed a "Motion for District Judge Review of a Magistrates Order and Objection of Any Dismissal" ("Objection"). (ECF No. 229). On March 28, 2020, Defendants filed their response to Plaintiff's Objection ("Response"). (ECF

No. 230.) For the reasons below, the Court overrules Plaintiff's Objection, accepts the Magistrate

Judge's Recommendation in its entirety, grants Defendants' motions to dismiss, dismissing this

matter in its entirety.

## I.    BACKGROUND

In adopting the Recommendation, the Court adopts and incorporates the Magistrate

Judge's background section, to which no party objects, and reiterates the main points here. The

procedural history of this case is extensive for merely being in the pleading stages. Plaintiff is

currently incarcerated at the Sterling Correctional Facility and proceeds *pro se* in this matter.

(ECF No. 228, at 2.) Plaintiff initiated this lawsuit on March 23, 2017. (ECF No. 1.) He later

amended his complaint, asserting a class action (ECF No. 24), which was stricken by the Court.

(ECF No. 25.) Plaintiff was subsequently directed to file a Second Amended Complaint (ECF

No. 58), which he did on March 7, 2018. (ECF No. 61.) The Court then ordered Plaintiff to file a

Third Amended Complaint (ECF No. 68), which he did on June 22, 2018 this time naming

twenty-eight defendants. (ECF No. 76.) On July 18, 2018, the Court dismissed eighteen of the

claims in Plaintiff's Third Amended Complaint, leaving only five claims remaining. (ECF No.

80.)

On November 7, 2018, Defendants filed a Motion to Dismiss the Third Amended

Complaint. (ECF No. 119.) Before the Court could rule on the motion, on January 7, 2019,

Plaintiff filed a Revised Third Amended Complaint, and the motion was thereafter denied as

moot. (ECF No. 136.) After granting the Plaintiff leave to file a Fourth Amended Complaint

(ECF No. 134), the Court entered an order directing the Clerk to re-file Plaintiff' Revised Third

Amended Complaint as a separate docket entry entitled Plaintiff's "Fourth Amended Complaint"

and to update the caption. (*Id.*)

The Fourth Amended Complaint, filed on January 17, 2019, is the operative complaint Defendants move to dismiss. The Fourth Amended Complaint is forty-eight pages and brings twenty-two claims[1] against twenty-four defendants. (ECF No. 137.)

The Magistrate Judge recommended granting both motions to dismiss for eleven different reasons. Each motion independently asserts dismissal is warranted under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

*Motion to Dismiss (ECF No. 174)*. Defendants move to dismiss the majority of Plaintiff's Fourth Amended Complaint because: (1) many of the claims are "minimally refashioned versions of claims the Court has previously dismissed"; (2) Defendants are protected from being sued in their official capacity under the Eleventh Amendment; (3) some of Plaintiff's claim are moot; and (4) despite given many opportunities to do so, Plaintiff has failed to state any plausible claim for relief. (ECF No. 228, at 4.)

*Lobanov-Rostovsky Motion (ECF No. 191)*. Defendants seek to dismiss claims Thirty-five and Thirty-Six against Defendant Chris Lobanov-Rostovsky related to Lobanov-Rostovky's role on the Sex Offender Management Board ("SOMB") and the SOMB's restrictions imposed on Plaintiff as a result of Plaintiff's sex offender treatment contract under the Sex Offender Treatment and Management Program ("SOTMP") on the grounds that these claims should be dismissed pursuant to the Eleventh Amendment and Plaintiff has failed to state a claim upon which relief could be granted. (ECF No. 228, at 4.)

Despite the Magistrate Judge's thorough analysis of each of Plaintiff's claims, Plaintiff's Objection is only two pages. (ECF No. 229.) Plaintiff argues, generally, that a contract is a binding agreement from which Defendants cannot be shielded based on immunity, "[b]ecause a

---

[1] These claims include the five remaining after the majority were dismissed pursuant to the June 18, 2018 Order (ECF No. 80) plus seventeen more.

contract can infringe on plaintiffs [sic] constitutional rights giving jurisdiction of this court

authority to intervene . . ." (ECF No. 229, at 1–2.) Finally, Plaintiff seemingly attempts to

reserve every possible right without pointing to a legal basis for doing so:

> "Plaintiff [. . .] preserves his rights procedurally available to him and alerts this
> court that his failure to sate other reasons for review is not excused from the
> District judges review of the magistrate order and all defenses and procedural
> arguments are considered as intended to be in objection to all the magistrates
> reasons for dismissal."

(ECF No. 229, at 2.)

Defendants responded stating while it is not difficult to construe Plaintiff's filing as an

objection, it is difficult to determine to what recommendation Plaintiff is objecting. (ECF No. 2–

3.) Because Plaintiff routinely references a "contract" or multiple "contracts," Defendants

limited their Response to those recommendations that involve the validity of various contracts

and their constitutional effects, arguing that: (1) an agreement that Plaintiff strictly adhere to a

fully kosher diet does not violate his First Amendment rights to freely exercise his religion or his

equal protection rights; and (2) Plaintiff fails to allege any constitutional violations related to the

SOTMP. (ECF No. 230.)

## II.    LEGAL STANDARDS

### A.    Review of the Magistrate Judge's Recommendation

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the

Magistrate Judge's Recommendation that is properly objected to. An objection is proper only if

it is sufficiently specific "to focus the district court's attention on the factual and legal issues that

are truly in dispute." *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

In the absence of a timely and specific objection, "the district court may review a magistrate's

report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th

Cir. 1991); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection

is filed, the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."). And, where a claim is dismissed on two or more

independent grounds, the plaintiff must contest each of those grounds. *See Lebahn v. Nat'l*

*Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016). If the plaintiff fails to

do so, the court may affirm on the ground which the plaintiff failed to challenge. *Id.*

### B. Fed. R. Civ. P. 12(b)(1)

The determination of a court's jurisdiction over the subject is a threshold question of law.

*Madsen v. U.S. ex rel. U.S. Army Corps of* Engineer, 841 F.2d 1011, 1012 (10th Cir. 1987).

Motions to dismiss under Rule 12(b)(1) are, generally, either a facial attack on the complaint's

allegations as to the existence of subject matter jurisdiction or a factual attack which goes

beyond the allegations and challenges the facts on which subject matter jurisdiction is based.

*Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A facial attack

challenging the sufficiency of the complaint requires the court to accept the allegations of the

complaint as true. *Stuart*, 271 F.3d at 1225; *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.

1995) (internal citation omitted). A factual attack affords the district court "wide discretion to

allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed

jurisdictional facts." *Stuart*, 271 F.3d at 1225 (internal quotation marks omitted). Such reference

to evidence outside the pleadings does not convert the Rule 12(b)(1) motion to a Rule 56 motion

for summary judgment. *Stuart*, 271 F.3d at 1225.

### C. Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all

well-pleaded factual allegations in the complaint, view those allegations in the light most

favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers'*
*Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Mink*
*v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). Conclusory allegations are insufficient. *See Cory*
*v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). Instead, in the complaint, the plaintiff
must allege a "plausible" entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
555–556 (2007). A complaint warrants dismissal if it fails "*in toto* to render plaintiffs'
entitlement to relief plausible." *Twombly*, 550 U.S. at 569 n.14 (italics in original). "In
determining the plausibility of a claim, we look to the elements of the particular cause of action,
keeping in mind that the Rule 12(b)(6) standard does not require a plaintiff to set forth a prima
facie case for each element." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir.
2017) (citation, internal quotation marks, and alteration omitted). "[P]lausibility refers to the
scope of the allegations in a complaint: if they are so general that they encompass a wide swath
of conduct, much of it innocent, then the plaintiff[] [has] not nudged [his] claims across the line
from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012)
(internal quotation marks omitted).

### D.  Plaintiff's *Pro Se* Status

The Court is mindful that Plaintiff proceeds *pro se*; therefore, the Court reviews his
filings liberally and holds them to a less stringent standard than those drafted by attorneys. *See*
*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243
(10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Chrisco v. Scoleri*, No.
17-cv-00810-MEH, 2018 WL  4742540, at *1 (D. Colo. Oct. 2, 2018). However, it is also true
that "a *pro se* litigant's conclusory allegation without supporting factual averments are
insufficient to state a claim upon which relief can be based." *Jemaneh v. The Univ. of Wyo.*, 82 F.

Supp. 3d 1281, 1292 (D. Colo. 2015), *aff'd*, 622 Fed. Appx. 765 (10th Cir. 2015). And the Court

may not "supply additional factual allegations to round out a plaintiff's complaint or construct a

legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.

1997); *see also Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (a court may

not construct arguments or theories for the plaintiff the absence of any discussion of those issues)

(citations omitted). It follows that the Court should not act as an advocate for *pro se* litigants.

*Chrisco*, 2018 WL  4742540, *1 (citing *Hall*, 935 F.2d at 1110). Finally, *pro se* litigants must

follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277

(10th Cir. 1994).

## III.    ANALYSIS

### A.  Matters to which there are no Objections

The Magistrate Judge recommended the following:

(1) to grant both the Motion to Dismiss (ECF No. 174) and the Lobanov-Rostovsky Motion

to Dismiss (ECF No. 191), in full, and dismiss Plaintiff's Fourth Amended Complaint

(ECF No. 137) in its entirety. Specifically:

a.    the Motions (ECF No. 174; 191) be GRANTED to the extent Plaintiff seeks

monetary relief against the individual Defendants in their official capacities, and that

such claims be dismissed WITHOUT PREJUDICE for lack of subject matter

jurisdiction;

b.  the Lobanov-Rostovsky Motion (ECF No. 191) be GRANTED as to the declaratory

and injunctive claims against Defendant Lobanov-Rostovsky in his official capacity,

and that these claims be dismissed WITHOUT PREJUDICE for lack of subject matter

jurisdiction;

c. that the Motion to Dismiss (ECF No. 174) be GRANTED as to the due process claims involving the SOTMP, and that this portion of Claims Seven, Eleven, Thirty-One, Thirty-Two, and Thirty-Three be DISMISSED WITH PREJUDICE for failure to state a claim;

d. that Defendant Lobanov-Rostovsky be DISMISSED from this case as he is not sued in his individual capacity;

e. that to the extent Plaintiff's claims seek injunctive or declaratory relief relating to conditions of confinement at facilities where Plaintiff was previously incarcerated (other than SCF), these claims be DISMISSED WITH PREJUDICE as moot;

f. that the Lobanov-Rostovksy Motion (ECF No. 191) be GRANTED as to Claims Thirty-Five and Thirty-Six, that these claims be DISMISSED WITH PREJUDICE for failure to state a claim;

g. that the Motion to Dismiss (ECF No. 174) be GRANTED as to Plaintiff's Equal Protection claim in Claim Three, and that this portion of Claim Three be DISMISSED WITH PREJUDICE for failure to state a claim or show personal participation by the Defendants;

h. that the Motion to Dismiss (ECF No. 174) be GRANTED as to the First Amendment retaliation claims asserted in Claims Seven and Eleven, and that this portion of Claims Seven and Eleven be DISMISSED WITH PREJUDICE for failure to state a claim;

i. that the Motion to Dismiss (ECF No. 174) be GRANTED as to the Eighth Amendment claims asserted in Claims Three, Seven, Eleven, Thirty-One, Thirty-Two, Thirty-Three, Thirty-Four, and Fifty-Two, and that this portion of those claims

be DISMISSED WITH PREJUDICE for failure to state a claim;

j.   that the Motion to Dismiss (ECF No. 174) be GRANTED as to the
     ADA/Rehabilitation Act Claims asserted in Claim Fifty-Two, and that this portion of
     Claim Fifty-Two be DISMISSED WITH PREJUDICE for failure to state a claim;

k.   that the Motion to Dismiss (ECF No. 174) be GRANTED as to Claim Fifty (related to
     Incentive Donations Procedures), and that this claim be DISMISSED WITH
     PREJUDICE for failure to state a claim;

l.   that to the extent Plaintiff is asserting any other alleged constitutional violation or
     claims, they be DISMISSED WITH PREJUDICE;

m.  the Plaintiff has not stated any constitutional violations, that Defendants be
     GRANTED qualified immunity on the constitutional claims to the extent they are
     sued in their individual capacities; and

n.   that leave to amend the complaint be DENIED.

The Court has considered the recommendations and, after finding no clear errors, ACCEPTS all
such recommendations. *See Summers*, 927 F.2d at 1167.

**B.  Matters to which an Objection has been made**

Plaintiff's Objection does not indicate to which portion of the Recommendation he
objects. However, there is a common theme that runs throughout – Plaintiff objects on the
grounds that "the court cannot find immunity for the state agents who operate by contract . . ."
(ECF No. 229, at 1.) In essence, Plaintiff argues that (1) his constitutional rights have been
violated by the use of contract and (2) at least one contract has been breached. (*Id.* at 1–2.) In
response to Plaintiff's Objection, Defendants address two sections they believe Plaintiff
implicated in his Objection: (1) the section addressing his Kosher Meal Contract; and (2) the

9

section related to alleged constitutional violations resulting from the SOTMP agreement and

SOMB restrictions. (ECF No. 230, at 4–7.)

1. *Plaintiff's Kosher Meal Contract*

Plaintiff alleged in his Fourth Amended Complaint that his First Amendment right to

religious freedom or his equal protection rights were violated "because he was required to enter a

written agreement in order to receive kosher diet meals for his religious beliefs," which could be

terminated if he consumes non-Kosher food. (ECF No. 228, at 43–44.)

The Magistrate Judge explained the law underlying the prison's ability to terminate an

inmate's participation in a religious diet program, concluding that it does not violate the inmate's

religious freedom. (ECF No. 228, at 45 (citing *Gibson v. Zavaras*, No. 09-cv-02328-WYD-

KLM, 2010 WL 2543584, at *4 (D. Colo. Jan. 22, 2010)).) Specifically, to establish a free

exercise claim, a plaintiff "must first show that a prison regulation 'substantially burdened . . .

sincerely-held religious beliefs.'" *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citing

*Boles v. Neet*, 486 F.3d 1177, 1182 (10th Cir. 2007)). The Tenth Circuit has provided three broad

ways government action may impose a substantial burden on religious exercise:

> (1) Requir[ing] participation in an activity prohibited by a sincerely held religious
> belief, or (2) prevent[ing] participation in conduct motivated by a sincerely held
> religious belief, or (3) plac[ing] substantial pressure on an adherent either not to
> engage in conduct motivated by a sincerely held religious belief or to engage in
> conduct contrary to a sincerely held religious belief."

*Strope v. Williams*, 381 Fed. App'x 878, 881 (10th Cir. 2010). However, due to prison officials'

ability to question the authenticity of a prisoner's religiosity through implementation of programs

and policies, "a policy that terminates an inmate's participation in a religious diet program when

he violates the diet requirement does not deny his right to religious freedom." *Gibson*, 2010 WL

2543584, at *3–4 (citing cases); *see also Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005);

*Gatrell v. Ashcroft*, 191 F. Supp. 2d 23, 35 (D.D.C. 2002); *Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999).

The Magistrate Judge also found the Plaintiff failed to show he was required to participate in activity prohibited by his faith or prohibited from participating in conduct motivated by a religious belief, nor did he sufficiently allege substantial pressure. (ECF No. 228, at 45.)

Aside from vague references to hiding behind contracts as a method for undercutting Plaintiff's alleged constitutional rights, Plaintiff fails to provide sufficient legal or factual bases for his objection to the Magistrate Judge's reasoning. *See Robey-Harcourt v. BenCorp Fin. Co.*, 326 F.3d 1140, 1143 (10th Cir. 2003) ("Parties must support their arguments with legal authority."); *Rios v. Ziglar*, 398 F.3d 1201, 1206 n.3 (10th Cir. 2005) (same); *Bronson v. Swensen*, 500 F.3d 1099, 1105 (10th Cir. 2007) (cursory arguments, without supporting analysis and case law, are waived); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (court may decline to consider argument which is unsupported and inadequately briefed). Consequently, the Court finds no clear errors and ACCEPTS the recommendation that the Motion to Dismiss (ECF No. 174) be GRANTED as to Claim Forty-One (related to Plaintiff's Kosher Meal Contract), and that this claim be DISMISSED WITH PREJUDICE for failure to state a claim. (ECF No. 228, at 57); *see also Summers*, 927 F.2d at 1167.

2. *Constitutionality of the SOTMP and Contract Issues*

With respect to the SOTMP agreement and the SOMB restrictions, the Magistrate Judge recommended the following:

(1) that to the extent Plaintiff has reasserted claims such as the facial validity of the SOTMP and the other claims referenced in Section III.B, of the Recommendation,

that Plaintiff failed to correct the deficiencies as to, those claims be DISMISSED

WITH PREJUDICE for failure to state a claim; and

(2) that the Motion to Dismiss (ECF No. 174) be GRANTED as to any First Amendment

free speech violations in connection with SOTMP treatment, and that these claims be

DISMISSED WITH PREJUDICE for failure to state a claim.

(ECF No. 228, at 55–56.) These recommendations were made on four bases: (1) Plaintiff's

constitutional challenge to the SOTMP agreement was previously dismissed because the law is

clear that SOTMP treatment is constitutional (ECF No. 228, at 12–14); (2) any First Amendment

free speech restrictions associated with SOTMP treatment are reasonably related to a legitimate

penological interest (ECF No. 228, at 22–24); (3) provisions that restrict Plaintiff's First

Amendment right to free association by limiting his dating and romantic relationships do not

violate Plaintiff's constitutional right to free association (ECF No. 228, at 24–25); and (4) sex

offender treatment generally does not violate the Eighth Amendment (ECF No. 228, at 25–26).

To the extent evaluating Defendants' Response would be helpful to determine to which

recommendations Plaintiff objects, Defendants associate the terms "contract" or "contracts"

with: (1) the constitutionality of the SOTMP agreement; (2) the SOMB standards limiting

Plaintiff's association with minors and placing restrictions on Plaintiff's romantic relationship

were unconstitutional; and (3) that portions of the SOTMP agreement should be severed insofar

as they are preempted by state or federal law or constitute constitutional violations. (ECF No.

230, at 5–6.) Because Plaintiff's Objection was so vague and failed to identify to which specific

portion of the Recommendation, if any, Plaintiff is objecting, the Court finds it useful to evaluate

Plaintiff's Objection through the lens of Defendants' Response. For that reason, the Court will

address the three segments of the Recommendation – relating specifically to the SOTMP

agreement and SOMB restrictions – to which Defendants recognized Plaintiff at least plausibly objected.

First, the Magistrate Judge found that Plaintiff's challenge to the facial constitutionality of the SOTMP was previously dismissed by Magistrate Judge Gordon P. Gallagher on July 18, 2018 where he found the treatment under the SOTMP "already has been determined to be constitutional and in furtherance of a legitimate penological interest." (*See* ECF No. 80, at 5–6.) On that basis alone, the Magistrate Judge found it appropriate to dismiss Claims Eleven, Thirty-One, Thirty-Two, and Thirty-Three to the extent these claims attempt to reassert that same challenge without correcting the deficiencies noted in Magistrate Judge Gallagher's July 18, 2018 Order. (ECF No. 228, at 13.) Plaintiff does not provide the Court with any basis, factual or legal, for concluding the SOTMP is unconstitutional. Therefore, the Court finds no reason to deviate from the Magistrate Judge's Recommendation on this issue and adopts the same.

Second, with respect to relationship limitations imposed by the SOMB, the Magistrate Judge held the restrictions did not impose a greater restraint than necessary and did not violate Plaintiff's right to free association under the First Amendment. (ECF No. 228, at 25.) Indeed, "[c]outs have consistently upheld imposition of conditions of probation that restrict a defendant's freedom of speech and association when those condition bear a reasonable relationship to the goals of probation. *U.S. v. Behren*, 65 F. Supp. 3d 1140, 1157–58 (D. Colo. 2014) (quoting *U.S. v. Turner*, 44 F.3d 900, 903 (10th Cir. 1995)). The Magistrate Judge's determination is supported where this district has upheld similar restrictions on dating and contact with minors. *See id.* at 1157–58 (dating restrictions), 1160–61 (no contact with minors).

Similarly, the Magistrate Judge rejected Plaintiff's conclusory allegations that the SOMB restrictions violated his Eighth Amendment rights. (ECF No. 228, at 26.) Even if some

restrictions are "restrictive or even harsh," these restrictions "are often the natural consequences of crimes for which the prisoners were sentenced." *Quintana v. Doe*, No. 09-cv-00946-CMA-KLM, 2010 WL 2650047, at \*7 (D. Colo. April 14, 2010) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Plaintiff has not alleged how these limits on his ability to associate with minors and relationship limits are so objectively severe nor how these restrictions are not reasonably related to a legitimate penological interest to "ensur[ing] the safety of the community and the success of the offender in treatment." *Behren*, 65 F. Supp. 3d at 1157; *see also Allen v. Clements*, 930 F. Supp. 2d 1252, 1263–64 (D. Colo. 2013).

Third, the Magistrate Judge recommended dismissal to the extent Plaintiff pleads a breach of contract claim, because "contract claims are not constitutional claims that may be brought pursuant to § 1983" and Plaintiff fails to identify on how the SOTMP agreement is ambiguous or preempted. (ECF No. 228, at 9–10, 52 (citing *Pioneer v. Gatza*, No. 05-cv-02434-CBS, 2006 WL 1547310, at \*4 (D. Colo. June 2, 2006)).) The Court finds no error in the Magistrate Judge's Recommendation to the extent it addresses each of Plaintiff's alleged constitutional violations and finds each claim upon which Plaintiff brings his case to lack a legal and factual basis. Given Plaintiff's vague assertions that he's suffered some constitutional violation as a result of the contracts he entered into – or as a result of the breach of those contracts, allegations which the Magistrate Judge also determined where not properly pled and cannot properly be brought (ECF No. 228, at 9–10) – the Magistrate Judge dealt with those issues, and it cannot be determined that Plaintiff properly objected to those portions of the Recommendation. Therefore, the Court again finds no reason to deviate from the Magistrate Judge's Recommendation.

In short, despite the Magistrate Judge's unequivocal findings, and related case law,

Plaintiff does not provide any clear reasoning as to how the Magistrate Judge was incorrect.

Instead, Plaintiff argues that he believes his rights have been violated through the use of these

contracts, but he provides no legal or acceptable factual basis for bringing these claims in federal

court. *See Robey-Harcourt*, 326 F.3d at 1143 ("Parties must support their arguments with legal

authority."); *Rios*, 398 F.3d at 1206 n.3 (same); *Bronson*, 500 F.3d at 1105 (cursory arguments,

without supporting analysis and case law, are waived); *Birch*, 812 F.3d at 1249 (court may

decline to consider argument which is unsupported and inadequately briefed). Because Plaintiff

has failed to provide a factual or legal bases on which this Court can conclude the Magistrate

Judge's Recommendation is incorrect on the law, the facts, or both, the Court adopts the

Recommendation in its entirety.

## IV.  CONCLUSION

Based on the foregoing, it is **ORDERED**

(1)    That the Court OVERRULES Plaintiff's Objection (ECF No. 229);

(2)    That the Court ACCEPTS the Magistrate Judge's Recommendation in its entirety
       (ECF No. 228);

(3)    That Plaintiff's claims seeking monetary relief against individual Defendants in
       their official capacities are DISMISSED WITHOUT PREJUDICE for lack of
       subject matter jurisdiction;

(4)    That Plaintiff's declaratory and injunctive relief claims against Defendant
       Lobanov-Rostovksy are DISMISSED WITHOUT PREJUDICE;

(5)    That the remainder of Plaintiff's Fourth Amended Complaint is DISMISSED
       WITH PREJUDICE as provided herein;

(6)    That Plaintiff's request to further amend the Fourth Amended Complaint is

DENIED;

(7)    That Defendants are AWARDED their costs, to be taxed by the Clerk of the Court

pursuant to Fed. R. Civ. P.54(d)(1) and D.C.COLO.LCivR 54.1;

(8)    That the Clerk shall close the case.

DATED this 30th day of March, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**


Civil Action No.   17-cv-00773-RM-KLM

JAMES MICHAEL BERTOLO,

      Plaintiff,

v.

RICK RAEMISCH,
RANDY LIND,
MIKE ROMERO,
LAURA SHAIN,
LAURA BORREGO-GIBBS,
KRISTY STANSELL,
LEONARD WOODSON,
CAROL TRUJILLO,
SARA SWINGLE,
MATHEW HANSON,
CHRIS LOBANOV-ROSTOVSKY,
CHARLES TAPPE, and
RAE TIMMIE,

      Defendants.

---

**FINAL JUDGMENT**

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order (Doc. 231) by Judge Raymond P. Moore entered on March 30, 2020, it is

ORDERED that judgment is hereby entered in favor of Defendants, Rick Raemisch, Randy Lind, Mike Romero, Laura Shain, Laura Borrego-Gibbs, Kristy Stansell, Leonard Woodson, Carol Trujillo, Sara Swingle, Mathew Hanson, Chris Lobanov-Rostovsky, Charles Tappe, and Rae Timme, and against Plaintiff James Michael Bertolo.   It is

FURTHER ORDERED that Defendants are awarded their costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.   It is

FURTHER ORDERED that this case is dismissed with prejudice in part, without prejudice in part, and closed.

Dated at Denver, Colorado this 30th day of March, 2020.

FOR THE COURT:
JEFFREY P. COLWELL, CLERK


By:   s/   C. Pearson
                C. Pearson, Deputy Clerk